# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT JOHNSON, et al.,**

 **Plaintiffs,**

 v.              Case No. 13-CV-443

**CITY OF KENOSHA, et al.,**

 **Defendants.**

## DECISION AND ORDER

On April 23, 2013, the plaintiffs, Robert Johnson and Charles Johnson (collectively "the plaintiffs"), filed a *pro se* complaint against the City of Kenosha, Jeremy Loesch, and Aaron Dillhoff alleging violations of their civil rights under 42 U.S.C. § 1983 and Wisconsin law. (Docket # 1.) This matter is before the Court on the plaintiffs' motion to impose costs for formal service against defendant Dillhoff (Docket # 20) and defendant Loesch (Docket # 31) pursuant to Fed. R. Civ. P. 4(d)(2). The plaintiffs allege that both defendants failed to sign and return a waiver of service in the above case.

As stated in the plaintiffs' complaint, defendant Loesch was acting in a "supervisory Deputy U.S. Marshal and/or policymaking role for the United States Marshals Office." (Docket # 1 at 5.) And as this Court previously stated, defendant Dillhoff was acting as a Special Deputy United States Marshal at all times relevant to the facts recited in the Complaint and thus is treated as a federal defendant. (Docket # 30 at 1-2.) Both defendants are sued in their individual capacities. Accordingly,

service on the United States Attorney for the Eastern District of Wisconsin and the Attorney General was necessary to fully comply with the service requirements of Fed. R. Civ. P. 4.

It is true that the duty to waive personal service of process is not applicable to the United States. *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir.1996) (stating that the "Rule 4 waiver of service does not play a role in litigation against the national government" because "[u]nder Rule 4(d) waiver of service is an agreement to accept documents by mail, rather than by hand; no one needs to seek such an agreement from the United States, because Rule 4(i) authorizes postal service on the United States in all cases"). However, when an officer or employee of the United States is sued in his individual capacity, he must also be served pursuant to Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3). "Invocation of the individual service provisions of subdivisions (e), (f), and (g) invokes also the waiver-of-service provisions of subdivision (d)." Rule 4, Advisory Comm. Notes, 2000 Amend. ¶ 1. Under Fed. R. Civ. P. 4(d)(1), defendants Dillhoff and Loesch had the duty to avoid the unnecessary expense of serving the summons by signing and returning a waiver of service.

Pursuant to Fed. R. Civ. P. 4(d)(2), if a defendant, without good cause, fails to sign and return a waiver, the court "must impose on the defendant" the expenses incurred in making service. Loesch acknowledges that he received a request to waive service; however, he argues that because he is a federal defendant sued in his individual capacity, the plaintiffs were required to serve the Attorney General of the United States and the United States Attorney for the Eastern District of Wisconsin as well as Loesch individually.[1] (Docket # 35 at 2.) The plaintiffs did not serve the United States

---

[1] The plaintiffs filed a similar motion asking for costs for service on defendant Dillhoff. This Court recently set aside the entry of default against Dillhoff because the plaintiffs failed to properly serve Dillhoff by failing to serve the United States Attorney for the Eastern District of Wisconsin. Defendant Dillhoff has not filed a response to the plaintiffs' motion for costs for formal service. Like Loesch, Dillhoff also had the duty to avoid the unnecessary expense of serving the summons by signing and returning a waiver of service. Dillhoff has not attempted to show good cause for his failure to complete the

- 2 -

Case 2:13-cv-00443-NJ   Filed 10/30/13   Page 2 of 4   Document 36

Attorney for the Eastern District of Wisconsin until September 24, 2013. Loesch argues this failure to serve the United States Attorney excuses his failure to waive service. Loesch cites no authority in support of this interpretation of Rule 4(d). Loesch is correct that Rule 4(i) requires service on the United States Attorney, the Attorney General, and on Loesch; however, the rule does not indicate any specific order in which these parties need to be served. Thus, it is unclear why, when presented with a waiver of service, Loesch would not execute it on the grounds that service on the United States was not yet complete. As such, the defendants have not shown good cause for failing to sign and return the waiver of service and the Court will grant the plaintiffs' motion and award costs associated with serving defendants Dillhoff and Loesch.

The plaintiffs ask for $50.90 for serving Dillhoff and for $57.40 for serving Loesch. However, the proofs of service filed by the plaintiffs show costs in the amount of $45.50 for serving Dillhoff (Docket # 9) and $50.00 for serving Loesch (Docket # 12). The plaintiffs have failed to explain the purpose of the additional $5.40 for Dillhoff and the additional $7.40 for Loesch. Thus, the court will grant the plaintiffs costs in the amount of $95.50.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiffs' motions to impose costs for formal service against defendant Dillhoff (Docket # 20) and against defendant Loesch (Docket # 31) are hereby **GRANTED**. The plaintiffs are granted costs in the amount of $45.50 against defendant Dillhoff and in the amount of $50.00 against defendant Loesch.

---

waiver. As such, the Court will grant costs for personal service upon Dillhoff.

- 3 -

Case 2:13-cv-00443-NJ   Filed 10/30/13   Page 3 of 4   Document 36

Dated at Milwaukee, Wisconsin this 30th day of October, 2013.

                                                BY THE COURT

                                                *s/ Nancy Joseph*
                                                NANCY JOSEPH
                                                United States Magistrate Judge